Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff sues for $100 per month additional pay for the period September 1,1947 to August 26, 1948, under the provisions of the Army-Navy-Public Health Service Medical Officer Procurement Act of August 5, 1947, 61 Stat. 776.
Plaintiff had been inducted as a private into the Army of the United States on December 15,1942. During his service he was given training in the Army Specialized Training Program for dentists. He was honorably discharged September 15, 1944. After his discharge he completed his education at Loyola University School of Dentistry in Chicago, Illinois, receiving a Doctor of Dental Surgery degree on September 22, 1945.
Plaintiff applied for a commission in the Dental Corps of the Army of the United States and on August 6,1946 was commissioned a first lieutenant. He was ordered to report to Brooke Army Medical Center, Fort Sam Houston, Texas, for temporary duty effective September 17, 1946, prior to assignment to a permanent post.
' On November 18, 1946 plaintiff executed a Category VIII Classification indicating his election to continue on extended active duty for a period of 24 months. He was serving in that capacity at the time of the passage of the act under which he claims, and which became effective September 1, 1947.
At the time of the passage of the act the armed services and the Public Health Service were experiencing great difficulty in securing and retaining an adequate number of physicians, surgeons and dentists. The purpose of the bill was to alleviate the shortage by offering as an inducement a salary increase of $100 per month to those who would comply with its terms.
In order for plaintiff to qualify for the additional incentive pay of $100 per month as a commissioned officer he *145 must bring himself within the following provisions of the act to which reference is made above:
Sec. 1A. (a) * * * (3) such officers, now or hereafter commissioned in the Medical and Dental Corps of the Officers’ Reserve Corps, the Naval Reserve, the National Guard, the Army of the United States, or as medical and dental officers of the Reserve Corps of the Public Health Service, who may, during the five-year period immediately following the effective date of this section, volunteer and be accepted for extended active duty of one year or longer;
The plaintiff on September 15,1947, made application for the additional compensation of $100 per month stating again that he wished to remain on active duty until November 1948. This application ivas denied. The Department of the Army on October 14,1947, issued Technical Bulletin No. l’4r-501-6 wherein it was stated that in order to qualify for the additional compensation of $100 “volunteer officers must volunteer and be accepted for extended active duty for 1 year or more subsequent to the passage of the act.”
Army Circular No. 27, dated February 3,1948, stated that its purpose was to clarify the status of officers serving in civilian components of the Army. It established periods that these officers might choose to serve and classified the elective categories as follows:
Category I Category II Category III Category Y
1 year
2 years
3 years
Officers desiring relief from active duty at the earliest opportunity.
Paragraph 7C, Department of the Army Circular No. 27, contained the following provision:
Commanders will obtain from officers currently serving under Category I, who are qualified in Category IH, but who do not desire to sign a new Category III statement, a Certificate to that effect which will be forwarded to the Adjutant General, Attention: AGPOS-C, to reach that office not later than 30 April 1948. Such officers will be placed in Category Y and will be separated from the service in accordance with paragraph 8.
*146 On March 26, 1948 the plaintiff signed a certificate reading as follows:
Under provisions of paragraph 7C, Department of the Army Circular No. 27, 1948, I certify that I am currently serving under Category I and although qualified for Category III under provisions of DA Circular 27, 1948,1 do not elect to sign a Category III statement. I understand fully that this action automatically places me in Category V and that I will be separated from the service when considered eligible by the Surgeon General, Department of the Army.
Plaintiff was released from active duty in the Army on July 28,1948.
It will be noted that the incentive pay was to be made, inter alia, to medical and dental officers of the Army of the United States and of the Reserve Corps of the Public Health Service who may, during the five-year period immediately following the effective date of the act, volunteer and be accepted for extended active duty for one year or longer.
The plaintiff earnestly contends that he meets the terms of the act.
True, plaintiff had volunteered for two years’ service and was accepted, but this was prior to the effective date of the act which offered the inducement bonus.
Plaintiff also contends that the fact that he offered to complete his service which had been volunteered prior to the passage of the act and which had more than one year to run following the passage of the act, and that he reaffirmed this offer subsequent to the passage of the act, and the fact that he continued to serve for more than 10 months subsequent to the passage of the act constitutes an acceptance on the part of the defendant.
The fact remains, however, that this service was a part of the previous contract with the Government and he was paid the regular compensation for the period of his volunteer service. He did not volunteer for any extended service and he did not actually serve one year after the passage of the incentive act.
Plaintiff claims that it is unfair to pay the dental officers who volunteered prior to the passage of the incentive act but whose services extended beyond its effective date only the *147 regular pay, when other officers of the same rank serving a part of the same period were being paid not only the regular pay but a $100 per month bonus.
This does appear to be somewhat unusual but the direct offer was made by the Government to have such officers who had volunteered prior to the passage of the act continue in the service for a more extended period or permit them to be discharged at the convenience of the Government.
Plaintiff chose not to serve any extended period and permitted himself to be placed in Category V, and he was actually released before he had served one year subsequent to the passage of the incentive act.
We regret the necessity of reaching this conclusion. It is not ours to reason why the Congress saw fit to make a distinction between dental officers of the Regular Army and those in other branches of the service. It is our province only to interpret the statute as enacted and to find the intent of the Congress as expressed in its terms. The statute, as we see it, is as clear as the English language can make it.
The petition is dismissed.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.
findings of fact
The court makes findings of fact, based upon the evidence, the stipulation of the parties, and the briefs and argument of counsel, as follows:
1. Plaintiff is a citizen of the United States of America, and a resident of the State of Illinois.
2. Plaintiff entered the School of Dentistry of Loyola University, Chicago College of Dental Surgery in September, 1940, and attended during the school years of 1940-1942, discontinuing school of his own volition.
3. Plaintiff was inducted as a private into the Army of the United States on December 15,1942, under serial number 32684993, and on December 22, 1942, was ordered to report for active duty to Camp Upton, New York.
4. Pursuant to Special Orders No. 233, September 27,1943, Headquarters, Fifth Service Command, Fort Hayes, Colum *148 bus, Ohio, plaintiff was assigned to the 3663rd Service Unit, Loyola University, Chicago, Illinois, and ordered to report on March 12, 1944, for assignment as an Army Specialized Training Program student in a class beginning March 15,1944. At the time of the issuance of these orders, plaintiff was attached unassigned to the 1520th Service Unit, Medical Section, at Fort Hayes, Columbus, Ohio, in the grade of private first class.
5. At the termination of the Army Specialized Training Program for dentists, plaintiff was given an honorable discharge from the Army, dated September 15, 1944, which discharge stated that the plaintiff had completed one year, nine months, and one day of service, and that he was paid mustering-out pay.
6. From the time of plaintiff’s readmission to Loyola University School of Dentistry, Chicago College of Dental Surgery on March 15, 1944, until the discontinuance of the Army Specialized Training Program for dentists and plaintiff’s honorable discharge, in September 1944, plaintiff attended school under the A. S. T. P. program.
7. After the termination of the A. S. T. P. program for dentists and his discharge in September 1944, plaintiff resumed his education in a civilian capacity at Loyola University School of Dentistry, Chicago College of Dental Surgery, and under the accelerated program of dental education completed all requirements and was graduated with the Doctor of Dental Surgery degree on September 22,1945.
8. Plaintiff voluntarily applied for a commission in the Dental Corps of the Army of the United States and on August 6, 1946, was appointed and commissioned as a First Lieutenant, with serial number 0937465, which commission was accepted by plaintiff. Special Orders No. 193, dated September 5, 1946, ordered plaintiff to report to Brooke Army Medical Center, Fort Sam Houston, Texas, for temporary duty, effective September 17, 1946, prior to assignment to a permanent post.
9. On November 18, 1946, plaintiff executed a Category 8 classification indicating an election to continue on extended active duty for a period of twenty-four months.
*149 10. The Army-Navy Public Health Service Procurement Act of August 5,1947, Public Law 365, 61 Stat. 776, effective September 1, 1947, authorizes additional pay of $100 per month for commissioned officers as defined in subsection (a) of the act.
Part (3),Subsection (a) provides:
Such officers, now or hereafter commissioned in the Medical and Dental Corps of the Officers’ Reserve Corps, the Naval Reserve, the National Guard, the Army of the United States, or as Medical and Dental Officers of the Reserve Corps of the Public Health Service, who may during the five-year period immediately following the effective date of this section, volunteer and be accepted for extended active duty of one year or longer.
11. The report of the Senate Committee on Armed Services, Senate Report No. 608, July 18, 1947, reports in part, as follows:
ARMY-NAVY PUBLIC HEALTH SERVICE MEDICAL OFFICER PROCUREMENT ACT OF 1947
SENATE COMMITTEE ON ARMED SERVICES
Senate Report No. 608, July 18,1947
The Committee on Armed Services, having had under consideration the Army-Navy Public Health Service Medical Officer Procurement Act of 1947, report the following bill (S. 1661) to provide additional inducements to physicians, surgeons, and dentists to make a career of the United States military, naval and public-health services, and for other purposes, and recommend that it do pass.
PURPOSE OF THE BILL
The armed services and the Public Health Service are currently experiencing great difficulty in securing and retaining an adequate number of physicians, surgeons, and dentists. The purpose of the bill is to alleviate the shortage by offering as an inducement a salary increase of $100 per month to all active Regular medical and dental officers and to all non-Regular medical and dental officers who are now on duty on a volunteer status, or who hereafter voluntarily come on active duty during the 5-year period following the effective date of this *150 section. It also provides authority to appoint qualified dentists and doctors of medicine in the Army and Navy in grades up to that of colonel in the Army and captain in the Navy.
EXPLANATION OF THE PROVISIONS OF THE BILL
The bill has two essential features. Title 1 provides that commissioned medical and dental officers of the Army, Navy, and Public Health Service shall be given extra pay at the rate of $100 per month in addition to their base and longevity pay. There is a proviso that not more than $36,000 may be paid_ to any one officer during his lifetime under this authority. The increase applies to all grades uniformly, and affects all active Regular officers and all non-Regular officers now on voluntary active duty, or who hereafter come on voluntary active duty during the 5-year period following the enactment of this section. No differentiation is made between Regular, Reserve, or National Guard officers. The title becomes effective on the first day of the first calendar month following its enactment, and is permanent law with no wartime suspension clause.
12. On October 14, 1947, the Department of the Army issued its Technical Bulletin Number 14-501-6 relating to “Additional Items to Pay to Medical and Dental Officers” as follows:
1. Additional Items of Pay to Medical and Dental Officers (sec. IV, ch. 1, TM 14-501).
a. General. The Act of 5 August 1947 (Public Law 365, 80th Cong., sec. V, WD Bul. 21, 1947) authorizes additional payments to certain medical and dental officers at the rate of $100 per month, effective 1 September 1947. In order to qualify for such additional pay, volunteer officers must volunteer and be accepted for extended active duty for 1 year or more subsequent to passage of the act.
b. Data to support pay vouchers. No supporting data are required to be submitted with vouchers covering such payments to medical and dental officers of the Regular Army. All other eligible officers will be named in Department of the Army Special Orders, copies of which will be forwarded to such officers. An extract copy of the special orders will be filed with the first pay voucher on which additional pay is claimed, and with the first pay voucher submitted to a new disbursing officer. Payment will not be made without *151 extract copies of such orders. (See par. 5, W. D. Special Orders 183,16 September 1947).
13. Plaintiff, under date of September 15, 1947, made application for the additional compensation of $100 per month under Public Law 365, 61 Stat. 776. Plaintiff’s application contained the following statement:
2. In November 1946 the undersigned (plaintiff) signed Category VIII and again express my wishes to remain on active duty until November 1948.
14. The Surgeon General refused the application of claimant for the additional compensation of $100 per month as provided by the Army-Navy Public Health Service Procurement Act of 1947. Plaintiff inquired of the reason for his failure to receive the payment, and the following letter was sent to his commanding officer:
(COPY) HEADQUARTERS (COPY) MILITARY AIR TRANSPORT SERVICE WASHINGTON 25, D. C.
1G/AI 201.23 22 Jul 1948
Subject: Complaint of Captain William B. Kinney, Jr., 0-937465 To: Commander
Pacific Division Military Air Transport Service Hickam Air Force Base APO 953, c/o Postmaster San Francisco, California
1. Attention is invited to par. 3, 3d Indorsement, this headquarters, 24 March 1948 to basic complaint, subject as above, Headquarters, Pacific Air Command, 9 March 1948.
2. The Surgeon General, Department of the Army was queried on 20 July 1948 to determine if any further developments, opinions or decisions had been made regarding this matter and it was determined that the Judge Advocate General had rendered his opinion on a case of this type to the effect that the primary prerequisite for qualification for additional pay was that of service on a voluntary status after the completion of a minimum of two years active service.
3. This opinion disqualifies Captain Kinney as well as approximately 850 other dental officers who were not *152 actually classified as ASTP officers but were either drafted as privates, who later received direct commissions, or completed their last few months, (less than six (6) months) of dental school under the ASTP program as Second Lieutenants, MAC-RES.
4. There still remains, however, the possibility that these individuals may yet be deemed eligible for additional pay as the Surgeon General’s Office has submitted a test case to the Comptroller General for decision.
5. It is desired that Captain Kinney be advised of the above, and that this headquarters will continue to keep him informed of any further action in this matter.
By Command of Major General Kuper: (Signed)
James F. Rhodes
Major, USAF
Asst. Adjutant General.
15. Army Circular No. 27, dated February 3, 1948, stated that its purpose was to clarify the status of officers serving in civilian components of the Army in order that these officers might be advised of the possible tenure of their active duty status, and established periods that these officers might choose to serve and classified the elective categories as follows:
Category I Category II Category III Category V
1 year
2 years
3 years
Officers desiring relief from active duty at the earliest opportunity.
This circular superseded the previous category commitments of officers of the civilian components of the Army, including officers of the Medical Corps on duty with the Air Forces.
Paragraph 7C, Department of the Army Circular No. 27, dated February 3,1948, provides:
Commanders will obtain from officers currently serving under Category I, who are qualified in Category III, but who do not desire to sign a new Category III statement, a Certificate to that effect which will be forwarded to the Adjutant General, Attention: AGPO-S-C, to reach that office not later than 30 April 1948. Such officers will be placed in Category Y and will be separated from the service in accordance with paragraph 8.
16. Plaintiff did not elect to execute a Category III commitment to remain in the Army for an additional three years *153 and accordingly under date of March 26, 1948, pursuant to paragraph 7C, Department of the Army Circular No. 27, February 3,1948, signed a certificate to that effect addressed to the Army Adjutant General, Department of the Army, which was as follows:
Under provisions of paragraph 7C, Department of the Army Circular No. 27,1948,1 certify that I am currently serving under Category I and although qualified for Category III under provisions of DA Circular 27, 1948,1 do not elect to sign a Category III statement. I understand fully that this action automatically places me in Category Y and that I will be separated from the service when considered eligible by the Surgeon General, Department of the Army.
17. Plaintiff was released from active duty in the Army on July 28,1948, having completed one year, 10 months, and 12 days of active duty. His Special Orders, dated July 28, 1948, showed 29 days accrued leave.
18. Under date of April 1, 1949, the following letter was sent to plaintiff from the Army Finance Center:
COPY
FINKC-A 201 Kinney, William B. Jr. 1 April 1949 32 684 993 (0 937 465) Case 1M-24615 Dr. William B. Kinney, Jr.
154 Broadway Melrose Park, Hlinois
Dear Sir:
Your claim addressed to the General Accounting Office, Claims Division, Washington 25, D. C., has been forwarded to this office.
Your letter of 22 December 1948, making claim for additional pay .authorized by the Army, Navy, and Public Health ¡Service Procurement Act of 1947, cites as the basis of your claim, the fact that you applied for a temporary appointment as an officer in the Army of the United States and signed for two (2) years’ service under category eight at time of entry on active duty, September 1946.
You are advised that Army of the United States officers included in the Act are only those who volunteer “during the five-year period immediately following the effective date of this section” of the Act. The quotation is from sub-section 1A, Section 101, Title I, of the Act. The effective date of Title I is stated in *154 Section 102 as the first day of the month immediately following the date of enactment (5 August 1947). Therefore, the Army of the United States officers covered are held to be only those who have, subsequent to 1 September 1947, volunteered and been accepted for active duty of one (1) year or more.
In view of the above information there does not appear to be any entitlement in your case, and this office is unable to take further action.
Very truly yours,
(Signed)
H. C. Barnes Lt Col, FD Chief
19. Plaintiff’s claim was submitted to the General Accounting Office and was denied by the Comptroller General on August 5,1949, as follows:
SETTLEMENT CERTIFICATE
General Accounting Office Claims Division
Claim No. Z 5308
Washington, 25 August 5,1949
Certificate No.
William B. Kinney, Jr., D.D.S.,
154 Broadway Melrose Park, Illinois
Sir:
Your claim for the $100.00 per month additional pay authorized by the act of August 5, 1947, Public Law 365, believed to be due you for the period September 1,1947, to date of relief from active duty, July 28,1948, while serving as an officer in the Army of the United States, serial No. 0-937,465, has been carefully examined and it is found that no part thereof may be allowed for the reasons hereinafter stated.
The act of August 4,1947, effective September 1,1947, authorizes additional pay of $100.00 per month for commissioned officers as defined in subsection (a) of the act.
Part (3), Subsection (a) provides: “Such officers, now or hereafter commissioned in the Medical and Dental Corps of the Officers’ Reserve Corps, the Naval Reserve, the National Guard, the Army of the United States, or as Medical and Dental officers of the Reserve
*155 Corps of the Public Health Service, who may during the five-year period immediately following the effective date of this section, volunteer and be accepted for extended active duty of one year or longer.”
Paragraph 7C, Department of the Army Circular No. 27, dated February 3,1948, provides: “Commanders will obtain from officers currently serving under Category I, who are qualified in Category III, but who do not desire to sign a new Category III statement, a Certificate to that effect which will be forwarded to the Adjutant General, attn: AGPO-S-C, to reach that office not later than 30 April 1948. Such officers will be placed in Category V and will be separated from the service in accordance with paragraph 8.”
Records now on file in this office show that under date of March 26, 1948, you advised the Adjutant General, Department of the Army, that you did not elect to sign a Category III statement, and that you understood you would be placed in Category V, and separated from the service when considered eligible by the Surgeon General, Department of the Army.
Accordingly, since the records show that you were a commissioned officer in the Army of the United States and that you did not volunteer to serve an extended active duty for at least one year, from September 1,1947, the effective date of the above-cited act, and you were released from active duty prior to completion of one year’s service subsequent to September 1,1947, there is no authority for payment of the $100.00 per month additional pay as claimed, in view of the foregoing provisions.
I therefore certify that no balance is found due you from the United States.
Respectfully,
Lindsay C. Warren, Comptroller General of the United States.
c-meb. By: /s/ Mary J. Wiland.
CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is not entitled to recover, and the petition is therefore dismissed.
Judgment will be rendered against the plaintiff for the cost of printing the record herein, the amount thereof to be entered by the clerk and collected by him according to law.